■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR TAYLOR, Appellant. [672 NYS2d 400] —Appeal by the defendant from (1) a judgment of the County Court, Nassau County (Wexner, J.), rendered May 3, 1995, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, entered December 22, 1995, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that the appeal from the order is dismissed as academic, in light of our determination of the appeal from the judgment.

The defendant was convicted of robbery in the first degree for robbing the victim at gunpoint on September 11, 1994. At trial, a police officer testified that, upon questioning the victim on September 12, 1994, the latter informed him that the defendant had reappeared at the premises that evening and that the defendant had been present on the previous night when he committed the robbery at gunpoint. The People argued that this testimony was admissible as an excited utterance. We disagree.

The excited utterance hearsay exception permits a statement made by a participant while he is under the stress of nervous excitement resulting from an injury or other startling event (*see, People v Caviness,* 38 NY2d 227, 230; *People v Marks,* 6 NY2d 67, 71-72, *cert denied* 362 US 912). Here, the victim's statements were not impulsive or instinctive but rather were made upon deliberation and in response to the police officer's questioning.

Upon our review, we find that this error was not harmless in that the proof of the defendant's guilt herein was not overwhelming (*see, People v Crimmins,* 36 NY2d 230, 240). Miller, J. P., Joy, Goldstein and McGinity, JJ., concur.